# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ARMSTRONG,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. ED CV 16-02045-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff Cedric Armstrong ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II.    PROCEEDINGS BELOW

On June 30, 2013, Plaintiff protectively applied for SSI alleging disability beginning August 21, 2005. (Administrative Record ("AR") 51, 58.) His application was denied initially on November 8, 2013, and upon reconsideration on February 20, 2014. (AR 74-83.) On February 26, 2014, Plaintiff filed a written request for hearing, and a hearing was held on July 28, 2015. (AR 31-50, 84.)

Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 33-50.) On August 17, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since June 30, 2013. (AR 27.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on September 27, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2013, the application date. (AR 21.) At **step two**, the ALJ found that Plaintiff's affective disorder was a severe impairment. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple tasks; and precluded from contact with the general public.

(AR 22.)

At **step four**, the ALJ found that Plaintiff has no past relevant work. (AR 26.) At **step five**, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

significant numbers in the national economy that the claimant can perform." (*Id.*) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the date the application was filed through the date of the decision. (AR 27.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d

871, 874 (9th Cir. 2003)).

IV. **DISCUSSION**

Plaintiff raises two issues for review: (1) whether the ALJ failed to properly consider and evaluate the opinion of Plaintiff's treating physicians; and (2) whether the ALJ improperly rejected Plaintiff's testimony. (JS 2.) Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting both the treating physicians' opinions and Plaintiff's testimony. (JS 3, 10-11.) The Commissioner contends that the ALJ properly rejected the treating physicians' unsupported opinions and gave specific reasons for discounting Plaintiff's credibility. (JS at 5, 13.) For the reasons below, the Court agrees with Plaintiff regarding the rejection of his testimony and remands on that ground.

A. **The ALJ's Credibility Determination Is Not Supported By Substantial Evidence**

Plaintiff argues that the ALJ's rejection of his testimony about symptoms and functional limitations is not supported by substantial evidence. (JS 10.) The Commissioner argues that the ALJ gave "specific, permissible reasons" for discrediting Plaintiff's testimony. (JS 13.)

1. **Plaintiff's Testimony**

At the administrative hearing, Plaintiff testified that he was 48 years old, but his counsel noted that Plaintiff had recently turned 49. (AR 34.) Plaintiff has a tenth- or eleventh-grade education and did not earn a GED. (*Id.*) Plaintiff testified that he is unable to work because he "can't remember things" and his medication causes him to sleep. (AR 35.) Plaintiff testified that he has issues with anger and gets mad "when somebody tells [him] something." (*Id.*)

Plaintiff testified that he lives with Lisa Maddox, who was his mother's best friend before Plaintiff's mother passed away. (AR 37.) Plaintiff testified that he was homeless before he asked her for help. (*Id.*)

///

4

Plaintiff testified that his last job was a "warehouse job," but "that was many years ago." (*Id.*) He "can't remember" why he could not perform that job anymore, but testified that he "can't do the job." (*Id.*)

Plaintiff testified that he went to prison in 1991, until 2004. (AR 35) Plaintiff testified that his mental problems began after a prison riot, for which he spent 18 months "in the hole." (AR 38.) When Plaintiff was released from prison, he began going to his mental health clinic. (*Id.*)

Plaintiff testified that on a typical day, he goes to his mental health clinic because he has nothing else to do. (AR 38-39.) Plaintiff testified that he goes to his bank and does "activities with the bank and sit[s] there and talk[s] to the worker and the people" at his clinic. (AR 39.) Plaintiff goes to the clinic at least three times a week for his activities, which include "hang[ing] out at the mental health clinic," watching TV, and talking to an administrative employee. (AR 39-40.) Plaintiff testified that he sees a doctor once a month so he can get his medication. (AR 39.) Plaintiff also testified that he goes to the park to sit, feed the ducks, and talk to people that he knows there. (AR 40.)

Plaintiff testified that he does not drive and has not done so in the past year because he "can't concentrate on all the turns and the lights." (*Id.*)

Plaintiff testified that his prescription medications cause "trembling" and "bad shaking" in his hand. (AR 44.) Plaintiff testified that he takes his three medications on time every day. (*Id.*) Plaintiff did not remember the names of his medications until the ALJ asked if he was taking Hadol and Fluoxetine/Prozac. (AR 45.) Plaintiff testified that he has not missed taking any medications, nor has he missed one of his clinic appointments. (AR 46.) Plaintiff testified that Ms. Maddox makes sure that Plaintiff takes his medications. (*Id.*)

### 2. **Applicable Legal Standards**

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina*

*v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24.) The ALJ relied on the following reasons: (1) inconsistent statements; and (2) lack of objective medical evidence to support the alleged severity of symptoms. (AR 23.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

#### a. Reason No. 1: Inconsistent Statements

An ALJ may consider inconsistent statements by a claimant in assessing his credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, the ALJ found that Plaintiff "has provided inconsistent information regarding daily activities." (AR 23.) The ALJ based this conclusion on Plaintiff's September 2013 Adult Function Report that indicated that his activities of daily living were limited

(AR 23; *see* AR 173-75) and Plaintiff's October 2013 psychiatric consultative examination, where Plaintiff "admitted that he took care of his hygiene and grooming without assistance, handled his own money, cleaned, picked up trash, walked to the store and vacuumed" (AR 23; *see* AR 223). The ALJ determined that "[t]his discrepancy casts doubt on the claimant's credibility and diminishes the persuasiveness of his subjective complaints and alleged functional limitations." (AR 23.)

As a preliminary matter, the Adult Function Report appears to have been completed by Ms. Maddox, not Plaintiff. (*See* AR 179-80.) The Report communicates Plaintiff's activities and limitations from a third-person point of view and does not appear to contain statements directly attributable to Plaintiff. (*See* AR 172-80 ("affects his ability," "impairs his ability," "he was fired," "Cedric has changed . . .").)

Even accepting the Adult Function Report as containing Plaintiff's statements, the statement from Plaintiff's psychiatric evaluation is not entirely inconsistent with the Report. The ALJ notes that Plaintiff's Adult Function Report indicated that "activities of daily living were limited," but during the psychiatric examination, Plaintiff reported that his activities of daily living included cleaning, picking up trash, walking to the store, and vacuuming. (AR 23; *see* AR 223.) The ALJ also noted that during the evaluation, Plaintiff "admitted that he took care of his hygiene and grooming without assistance." (AR 23.) The ALJ provides no explanation of how those activities are not "limited" or how they are otherwise inconsistent with the Report. The ALJ's reliance on a single inconsistency between two pieces of evidence is not a legitimate reason to discredit the entirety of Plaintiff's testimony. *See Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883-84 (9th Cir. 2006)) ("[A] single discrepancy fails to justify the wholesale dismissal of a claimant's testimony.").

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### b. Reason No. 2: Lack of Supporting Objective Medical Evidence

The remaining reason for discounting Plaintiff's subjective testimony—lack of supporting objective evidence—cannot form the sole basis for discounting symptom testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility. Accordingly, remand is warranted on this issue.

### B. The Court Declines to Address Plaintiff's Remaining Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ failed to properly consider and evaluate the opinions of Plaintiff's treating physicians. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is

warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount the credibility of Plaintiff's subjective testimony. Additionally, the ALJ found that Plaintiff's statements about his symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24.) This generic language indicates a failure to properly incorporate testimony about subjective symptoms and pain into the RFC assessment. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.6 (9th Cir. 2017). Because symptom testimony must be taken into account when determining the RFC, "it cannot be discredited because it is inconsistent with that RFC." *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017); *see Garrison*, 759 F.3d at 1011 (citing 20 CFR 416.920(e)).

On remand, the ALJ shall reassess Plaintiff's subjective allegations in light of SSR 16-3p – Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (Mar. 16, 2016), which would apply upon remand. The ALJ shall then reassess Plaintiff's RFC in light of the reassessment of Plaintiff's subjective allegations and

9

proceed through step four and step five to determine what work, if any, Plaintiff is capable of performing.

## V. <u>CONCLUSION</u>

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 14, 2017

*Rozella A. Oliver* (signature)

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**